PROB 12C
(Rev.2011)

# United States District Court
for
Middle District of Tennessee

## Superseding Petition for Warrant for Offender Under Supervision
[Supersedes Petition Filed as Docket Entry No. **84**]

Name of Offender: <u>Richard A. Spencer, Jr.</u>     Case Number: <u>3:09-00098-01</u>

Name of Judicial Officer: <u>Honorable Todd J. Campbell, U.S. District Court Judge</u>

Date of Original Sentence: <u>July 2, 2010</u>

Original Offense: <u>18 U.S.C.§ 922(g)(1), Convicted Felon In Possession of a Firearm</u>

Original Sentence: <u>Twenty-Four (24) months' custody; followed by 3 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>     Date Supervision Commenced: <u>February 24, 2012</u>

Assistant U.S. Attorney: <u>Blanche Cook</u>     Defense Attorney: <u>Caryl Alpert</u>

---

### PETITIONING THE COURT
___ To issue a Summons.
___ To issue a Warrant.
**X** To Consider the Additional Violations/Information at the Revocation Hearing scheduled for June 17, 2013.

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
       (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other
☒ The Consideration of Additional Violations/Information at the June 17, 2013 Revocation Hearing.

Considered this <u>12</u> day of <u>June</u>, 2013, and made a part of the records in the above case.

<u>Honorable Todd J. Campbell</u>
U.S. District Court Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

<u>Paul Montgomery</u>
Paul Montgomery
Senior U.S. Probation Officer

Place   <u>Nashville, TN</u>

Date   <u>June 12, 2013</u>

# ALLEGED VIOLATIONS

The information provided in the previous petition, filed as Docket Entry No. <u>84</u>, has been amended to include additional violations.

**Violation No. 1 - has been amended to include additional positive drug tests.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

**Violation No.**   **Nature of Noncompliance**

1.   **The defendant shall refrain from any unlawful use of a controlled substance.**

   The defendant submitted urine drug screens which tested positive for cocaine on the following dates:

   1. March 20, 2012
   2. May 7, 2012
   3. May 15, 2012
   4. August 24, 2012
   5. August 28, 2012
   6. August 29, 2012
   7. September 20, 2012
   8. October 11, 2012
   9. October 16, 2012
   10. February 15, 2013
   **11. April 9, 2013**
   **12. May 29, 2013**
   **13. June 4, 2013**
   **14. June 7, 2013**

   The Court was previously notified regarding the positive results from drug tests submitted between March 20, 2012, and February 15, 2013. **As noted above, the defendant has submitted four additional positive drug screens since that time.**

2.   **The defendant shall not purchase, possess, use, distribute, or administer any controlled substance, except as prescribed by a physician.**

   The defendant admitted to the probation officer he had purchased $10 worth of crack cocaine from a drug dealer in his neighborhood two days prior to the May 7, 2012, drug screen and had purchased $10 worth of crack cocaine from a drug dealer prior to the submission of the May 15, 2012, drug screen.

**3.** **The defendant shall not associate with any persons engaged in criminal activity:**

The defendant admitted to the probation officer he had purchased crack cocaine from a drug dealer in his neighborhood prior to the submission of the drug screens in May 2012. He also admitted that he had smoked crack cocaine on May 16, 2012, but the drug was given to him on this occasion.

## Compliance with Supervision Conditions and Prior Interventions:

Mr. Richard Spencer began this term of supervised release on February 24, 2012. The terms and conditions of his supervised release were explained to him, and he was provided a copy of the conditions.

The Court was previously notified about noncompliance by the defendant, specifically, illegal drug purchases and drug use. The Court granted the probation officer's request to place the defendant on six (6) months' home detention with electronic monitoring as a sanction for his noncompliant conduct. The probation officer expected this sanction to serve as a deterrent for the defendant, to curtail this illegal conduct, but to no avail.

Mr. Spencer received 28 days inpatient drug treatment as well as intensive outpatient treatment at the Elam Center located at Meharry Medical College in Nashville. However, it appears this treatment has not curtailed the defendant's desire for cocaine.

The defendant was previously warned by the probation officer that further illegal drug use could lead to adverse action by the Court. The defendant has continued to submit positive drug screens even after being admonished on several occasions about his noncompliant behavior.

**Mr. Spencer appeared before Your Honor for a revocation hearing on March 18, 2013, to address the previously reported alleged violations. He admitted to the violations. Counsel for the defendant requested that the court allow the defendant to terminate supervision. However, Your Honor continued this matter for 90 days to allow the defendant an opportunity to attend outpatient drug treatment at Centerstone. Your Honor warned the defendant that further drug use would lead to revocation of his supervised release.**

**The probation officer referred the defendant to Centerstone for an intake assessment. He received the assessment on March 28, 2013. It was recommended by the treatment provider that the defendant receive individual substance abuse treatment. The defendant's therapist reported that during the defendant's therapy session on June 5, 2013, he admitted he was using drugs.**

**When questioned about the April 9, 2013, positive drug screen, Mr. Spencer denied he had used cocaine. Regarding the May 29, 2013, positive drug screen, the defendant admitted he has used cocaine one or two days prior to the screen. He stated the cocaine was given to him.**

**Mr. Spencer also admitted that he had used cocaine on June 1, 2013, prior to the June 4th screen, but denied he had used again before the June 7, 2013, screen.**

### Update of Offender Characteristics:

Mr. Spencer resides in Nashville with his uncle. He is currently not employed, but reports he is seeking to have his disability benefits reinstated.

### U.S. Probation Officer Recommendation:

It is respectfully requested that the additional violations/information be considered at the June 17, 2013, revocation hearing.

This matter has been submitted to Assistant U.S. Attorney, Blanche Cook, who concurs with the recommendation.

Approved: _____
/W. Burton Putman
/ Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. RICHARD A. SPENCER, JR. CASE NO. 3:09-00098

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** VI
**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003   PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C Felony) 18 U.S.C. § 3583(e)(3) | 8-14 months U.S.S.G.§ 7B1.4(a) | No recommendation |
| SUPERVISED RELEASE: | 36 months less any term of imprisonment 18 U.S.C. 3583(h) | 1 - 3 years U.S.S.G § 5D1.2 | No recommendation |

Revocation is mandatory if the court finds the defendant, as part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of a year. 18 U.S.C. § 3583(g)(4). The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test. 18 U.S.C. § 3583(d).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Upon a finding that a defendant violated a condition of probation or supervised release by being in possession of a controlled substance, the court is required to revoke probation or supervised release and impose a sentence that includes a term of imprisonment. U.S.S.G. § 7B1.4, Application Note: 5.

In the case of a Grade B or C violation, where the minimum term of imprisonment determined under § 7B1.4 (term of imprisonment) is more than six months but not more than ten months, the minimum term may be satisfied by a sentence of imprisonment or a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. U.S.S.G. §7B1.3(c)(2).

Respectfully Submitted,

Paul Montgomery
Senior U.S. Probation Officer

Approved:
W. Burton Putman
Supervising U.S. Probation Officer